```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**United States of America**

                                                   Case No. 15-cr-3-02-PB

      v.                                     Opinion No. 2020 DNH 172

**Hansel German**

### MEMORANDUM AND ORDER

Defendant Hansel German moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"), as amended by Section 603(b)(1) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. For the following reasons, I deny German's motion.

### I.   STANDARD OF REVIEW

Following its amendment by the First Step Act, the compassionate release statute, codified as Section 3582(c)(1)(A), provides that

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in . . . [18 U.S.C. §] 3553(a) [("Section 3553(a)")] to the extent that they are applicable . . . .

§ 3582(c)(1)(A). The court may reduce a defendant's prison sentence if it finds that "extraordinary and compelling reasons

warrant such a reduction," id. § 3582(c)(1)(A)(i), and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," id. § 3582(c)(1)(A).

The Sentencing Commission's policy statement ("the policy statement"), which was promulgated prior to the passage of the First Step Act, provides as follows:

> Upon motion of the Director of the [BOP] under [Section 3582(c)(1)(A)], the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in [Section 3553(a)], to the extent that they are applicable, the court determines that —
>
> (1)  (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 (U.S. Sentencing Comm'n 2018).  The commentary to the policy statement further explains what is meant by "extraordinary and compelling reasons."  It states, in relevant part, that "[p]rovided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist," USSG § 1B1.13 cmt.

n.1, when "[t]he defendant is . . . suffering from a serious physical or medical condition," id. § 1B1.13 cmt. n.1(A)(ii)(I).

District courts are divided on whether the policy statement remains binding following the enactment of the First Step Act. Cf. United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *2 (D. Me. July 11, 2019) (collecting cases).  I am not aware of any court that has chosen to disregard the policy statement entirely.  I conclude, instead, that it "provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change."  Id. at *3.

## II.   BACKGROUND

In 2016, German pleaded guilty to one count of aiding and abetting the transportation of an individual in interstate commerce with the intent that the individual engage in prostitution, in violation of 18 U.S.C. §§ 2 and 2421, and one count of possessing heroin with the intent to distribute, in violation of 18 U.S.C. § 841(a)(1).  See J. in a Crim. Case, Doc. No. 113 at 1.  According to a stipulated version of the facts, in 2014, German and three co-defendants prostituted a vulnerable fifteen-year-old girl.  The offense conduct included transporting the minor from Massachusetts to New Hampshire to engage in pre-arranged commercial sex acts.  See Plea Agreement, Doc. No. 67 at 3-4.  German described himself as an "investor"

in this business; he booked hotels and arranged transportation of the minor in exchange for half of the profits.  See PSR, Doc. No. 118 at 6 ¶ 23.

About a year after this offense, federal officers went to German's residence to arrest him.  While approaching the residence, they observed a small baggie containing heroin being thrown from a window of his residence.  A subsequent search of his residence pursuant to a search warrant revealed an additional bag of heroin and cocaine, a scale, a package of empty plastic baggies, a press, and a ledger.  See Doc. No. 67 at 4; Doc. No. 118 at 7 ¶ 24.

In accordance with the parties' stipulation, I sentenced German to a term of imprisonment of 96 months on each count, to be served concurrently, with three years of supervised release to follow.  See Doc. No. 113 at 2-3.  He has served approximately 78 months of his sentence.  See Mot. for Compassionate Release, Doc. No. 135 at 5.

German is currently incarcerated at Federal Correctional Institution ("FCI") Danbury, a BOP facility located in Connecticut.  See Doc. No. 135 at 2.  The BOP has developed and implemented a multi-point plan to address the COVID-19 pandemic. Under the plan, the BOP has implemented quarantine and isolation protocols, restricted inmate transfers, reduced overcrowding, limited group gatherings, employed screening procedures, and

4

suspended visitation and tours, among other measures. See Gov't's Objection to Def.'s Mot. for Release, Doc. No. 138 at 3-4. When I held a hearing on German's motion on September 3, 2020, there was, at most, one active case of COVID-19 at FCI Danbury. According to the BOP's website, as of September 30, there were two active cases of COVID-19 in the inmate population and zero active cases among staff at this facility.[1]

German is thirty years old and has a Body Mass Index ("BMI") of thirty-six. Sealed Ex. C to Def.'s Mot. for Compassionate Release, Doc. No. 136 at 2. He has no other reported medical conditions. See id. Citing his obesity, German submitted a request for compassionate release to the BOP, which was denied on July 16, 2020. See Ex. A to Mot. for Compassionate Release, Doc. No. 135-1. German administratively appealed. See Ex. B to Mot. for Compassionate Release, Doc. No. 135-2. He then filed this motion for compassionate release on August 18, requesting a reduction in his sentence to convert his remaining prison term to home confinement. See Doc. No. 135 at 6.

### III. DISCUSSION

German argues that I should order his release because his obesity places him at a high risk of severe illness for COVID-

---

[1] *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 1, 2020).

5

19, and a reduction of his sentence would not undermine Section 3553(a)'s sentencing factors. See Doc. No. 135. The government opposes German's motion. See Doc. No. 138. Because the BOP denied German's request for a reduction in sentence and failed to respond to his administrative appeal within thirty days, German has exhausted his administrative rights. Accordingly, his motion is properly before me under Section 3582(c)(1)(A).

German has not met his burden of demonstrating that "extraordinary and compelling reasons" exist that would render him eligible for compassionate release. See § 3582(c)(1)(A). His BMI of thirty-six qualifies as obesity according to the Centers for Disease and Control ("CDC") criteria, but it is not "severe obesity," defined as a BMI of forty or higher.[2] At thirty years old, he is relatively young and does not claim that he has any other serious or debilitating preexisting health conditions. As German notes, the CDC advises that obesity is a factor that increases the risk of severe illness from Covid-19.[3] A recent study, however, has shown that severe obesity

---

[2] *Defining Adult Overweight and Obesity*, CDC, https://www.cdc.gov/obesity/adult/defining.html (last visited Oct. 1, 2020).
[3] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 1, 2020).

6

significantly increases the relative risk of death or serious illness from COVID-19.[4]  Although I accept that German's obesity somewhat increases his relative risk of COVID-19-related complications, there is no evidence that it puts him at so elevated a risk of harm as to justify his release.  On similar facts, other district courts have declined to order the release of otherwise healthy and relatively young inmates whose obesity is their only risk factor for developing COVID-19 complications. See, e.g., United States v. Price, No. 15-20472, 2020 WL 5440164, at *4-5 (E.D. Mich. Sept. 10, 2020) (finding no extraordinary and compelling reasons for compassionate release of 31-year-old defendant with BMI of 32 whose only condition was obesity); United States v. Gordon, No. 15-20609, 2020 WL 3971013 at *3 (E.D. Mich. July 14, 2020) (same for 34-year-old defendant with BMI of 31.8); see also United States v. Abalos, No. CR 16-00745 JMS (01), 2020 WL 5167537, at *2 & n.4, *3 (D. Haw. Aug. 31, 2020) (same for 41-year-old defendant with BMI of 31 and hypertension); United States v. Tratner, No. 1:17-CR-22-HAB, 2020 WL 3841268, at *2 n.2, *3-4 (N.D. Ind. July 8, 2020) (same for 36-year-old defendant with BMI of 33.1 who was also longtime smoker).

---

[4] See Mary Caffrey, Kaiser Study: Severe Obesity Boosts Risk of COVID-19 Death, Especially for the Young, Am. J. of Managed Care (Aug. 12, 2020), https://www.ajmc.com/view/kaiser-severe-obesity-boosts-risk-of-covid-19-death-especially-for-the-young.

Further, the current risk of contracting the virus at the institution where German is incarcerated is low. The BOP has a mitigation plan in place that appears largely successful in controlling the spread of the virus at FCI Danbury, given that there are currently only two confirmed cases of active COVID-19 at the facility.

In any event, even if German had demonstrated extraordinary and compelling reasons for compassionate release, I would still have to consider the sentencing factors under Section 3553(a). See § 3582(c)(1)(A). The factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See § 3553(a). These factors do not support an early release in this case.

German undoubtedly committed serious crimes. He was involved in transporting a minor child to New Hampshire to engage in prostitution. He described himself as an "investor" in the business of selling a minor for sex. After his arrest, the officers seized from his residence drugs and paraphernalia consistent with drug distribution. The sentence I imposed reflected the serious nature of German's offenses and the

8

resultant human harm, which was significant. Reducing that sentence would not be consistent with the goals of sentencing, including promoting respect for the law, providing just punishment, deterring further criminal conduct, and protecting the public. Accordingly, I conclude that the interests of justice would not be served if his sentence were reduced.

I recognize that German has made efforts to rehabilitate himself during his incarceration and at least for the past year has avoided citations for misconduct. Although his conduct in prison has been commendable, it does not alter the fact that his sentence remains no greater than necessary to achieve the purposes of the sentencing statute. Consideration of Section 3553(a)'s factors, therefore, weighs against granting any reduction in German's sentence.

## IV.   CONCLUSION

For the foregoing reasons, German's motion for compassionate release (Doc. No. 135) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 1, 2020

cc:   Donna Brown, Esq.
      Georgiana MacDonald, Esq.

9